PROVIDED TO LAKE CI

On 11 / 4 / 23 For Mailing
   Day / Mth / Yr

By _____
(Officer/Inmate Initial)

FILED
2023 APR 13 PM 2:
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ocala Division

ANTONIO JOHNSON,
Petitioner,

vs.                                    CASE NO: 5:23-cv-235-TPB-PRL

CHRISTOPHER EDELEN, Warden,
Lake Correctional Institution,
Respondent(s).
_____/

### PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW, Petitioner, ANTONIO JOHNSON, by and through the undersigned and hereby files this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release from the Lake Correctional Institution, and in support thereof states:

1. Petitioner seeks to be immediately released from his incarceration by Warden, CHRISTOPHER EDELEN at Lake Correctional Institution, 19225 U.S. Hwy. 27, Clermont, Florida. Writ of habeas corpus may be granted by the ... district court ... within their respective jurisdictions. 28 U.S.C. § 2241(a); see also Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.").

2. Section 2241 is designed to preserve writ of habeas corpus as remedy for severe restraints on individual liberty. Hensley v. Muncipal Court, San Jose-Milpitas Judicial Dist., 411 U.S. 345, 93 S.Ct. 1571 (1973).

3. Petitioner will reveal that this claim is worthy of consideration, as he has no other remedy in the State Court(s), as the state does not afford him a remedy, and that he should be allowed to apply for writ of habeas corpus in this federal district court to secure the protection of his federal constitutional rights. <u>Jennings v. Illinois</u>, 342 U.S. 104, 72 S.Ct. 123 (1951).

4. Petitioner would like this court to focus its attention on the facts on what he is about to reveal to this Honorable Court, of how the state imposed a restraint on his liberty. Petitioner was given a mandatory death sentence for armed Robbery, in which the court stated:

> "I hereby remand custody of your person to Department of Corrections... for a period of time for the remainder of your natural life, <u>UNTIL THE DAY YOU DIE</u>."

This type of sentence abrogates the authority of the Governor to commute petitioner's sentence. This illegal condition "**until the day you die**" violates the separation of powers doctrine and is liken to "mandatory death." Petitioner has now been incarcerated going on 26 years. Petitioner access to the state courts has been foreclosed in violation of his First Amendment Right. In the state courts, the clerk(s) has been ordered to reject petitioner's pro se pleadings. <u>SEE</u> Exhibit "<u>A</u>", attached hereto.

5. This claim before this court, is simple, the clerk of the 11th Judicial Circuit are refusing to furnish petitioner a Certified Copy of the <u>May 11, 1998 Amended Information</u> so he can apply for Commutation of Sentence (COS) with the Office Of Executive Clemency.

SWORN FACTS:

6. Petitioner wrote a letter to the Office of Executive Clemency Requesting the Application to Request for COS. That office informed petitioner that he must provide to their office certified copies of the charging document (Information), and the Judgment & Sentence. That office also informed petitioner that the court documents can be obtained from the clerk of court in the county where the offense occurred. The clerk(s) are refusing to provide petitioner the document(s).

7. On August 22, 2022 Petitioner wrote a letter to the Clerk's Office in the 11th Judicial Circuit Court pursuant to Public Records, Requesting the "Amended Information" with the Clerk's FILED DATE stamped of May 11, 1998 affix to that document. The clerk refused to provide said document, but instead, provided petitioner a copy of the Clerk's Minutes, which was irrelevant to his public records request. Petitioner sent repeated public records request(s) asking for this particular document, and the clerks are refusing to provide him with the document needed so he can apply for COS.

8. On October 10, 2022, for the last time, petitioner sent another letter requesting a certified copy of the May 11th Amended Information. The clerk refused to provide him the needed document. On October 22, 2022 the clerk now claiming that "There is no entry of Amended Information."

9. Petitioner sought mandamus to require the Clerk of Miami-Dade County to provide him a copy of the May 11th Amended Information filed against him so that he could apply for clemency. On March 27, 2023, the clerk of the Florida Supreme Court rejected petitioner's Petition for Writ of Mandamus saying he is prohibited in filing pro se pleadings, and returned said petition back to petitioner.

10. The Clerk of Miami-Dade County has an indisputable legal duty to furnish him with the document he requested. **SEE** Article I, section 24(a); Chapter 119.01(1), Florida Statutes. Unquestionably, the Clerk of Miami-Dade County possess a legal duty to furnish Petitioner with the records he seeks in his case, so he can apply to the Office of Executive Clemency for a commutation of sentence. The Clerk repeatedly refused to provide him the May 11th Amended Information, and now, petitioner CANNOT apply for COS with the Office of Executive Clemency.

11. This Honorable Court should grant this petition, and order petitioner immediate release based on the FACTS above. Petitioner access to the state courts has been foreclosed. However, petitioner cannot be foreclosed access to the Office of Executive Clemency for wanting to apply for COS. By the clerk refusing to provide him with the document he requested, clearly shows the State is trying to prevent petitioner from applying for COS.

12. Petitioner has no other remedy in the state courts, and he now apply for relief in this District Court pursuant to 28 U.S.C. 2241. This Court should grant Petitioner relief, and order his immediate release.

WHEREFORE, Petitioner request this Honorable Court to grant this habeas corpus petition and order petitioner immediate release from the STATE OF FLORIDA, LAKE CORRECTIONAL INSTITUTION forthwith.

I declare under Penalty of Perjury that the facts stated therein are true.

DATED 04-11-2023            BY: _____

Antonio Johnson

## CERTIFICATE OF SERVICE

I CERTIFY that a true & correct copy of the foregoing has been furnished by U.S. Mail to: Office of the Attorney General, The Capitol, PL-01, Tallahassee, Fla. 32399 on this 11th day of April, 2023.

*Antonio Johnson*

ANTONIO JOHNSON #446897
Lake Correctional Inst.
19225 U.S. Hwy. 27
Clermont, Fla. 34715

# Harvey Ruvin
CLERK OF THE CIRCUIT AND COUNTY COURTS
Miami-Dade County, Florida

☒ CRIMINAL COURTS DIVISION
☐ TRAFFIC/MISDEMEANOR
Richard E. Gerstein Justice Building
1351 N.W. 12th Street
Suite # 9000
Miami, Florida 33125
Telephone: (305) 275-1155

JUL 2 1 2022

Date: _____

Dear Sir/Madam:

Enclosed are the documents/information you requested from our office. If you need any further assistance, please contact our office at (305) 275-1155 between the hours of 9:00 a.m. to 4:00 p.m., or direct your inquiries to the Clerk of Courts, 1351 N.W. 12th Street, Miami, Fl. 33125, Suite 9000 or 8100 attention Research and Correspondence. Please refer to the items checked below for any further information concerning your request.

☐ Copies of Information, Judgment & Sentence, arrest form and clerk's minutes enclosed.

☐ The document(s) you requested is (are) not available through our office.

☐ The document(s) you requested has (have) been supplied to your attorney.

☐ The document(s) you requested was (were) previously supplied to you on _____.

☒ Other DEAR SIR, WE ARE UNABLE TO PROCESS YOUR REQUEST DUE TO YOU ARE PROHIBITED FROM FILING WITH THIS CLERK OF COURTS. YOU MUST OBTAIN A LAWYER TO REPRESENT YOU IN THIS JUDICAL 11 CIRCUIT COURTS

Sincerely,

Harvey Ruvin
Clerk of Courts

By: _____M RAULS_____
Deputy Clerk

Exhibit "A"

Central Depository • Civil Division • Clerk of the Board • Code Enforcement • Comptroller/Auditor • County Recorder Criminal Division • District Courts Division • Family Courts Division • Human Resources / Administrative Services • Juvenile Division Marriage License • Parking Violations • Records /Archives Management • Technical Services Division • Traffic Division • V.A.B.

CLK/CT.686 Rev. 04/11    Clerk's web address: www.miami-dadeclerk.com    Printed on Recycled Paper



# Supreme Court of Florida

Office of the Clerk
500 South Duval Street
Tallahassee, Florida 32399-1927

JOHN A. TOMASINO
  CLERK
MARK CLAYTON
  CHIEF DEPUTY CLERK
JULIA BREEDING
  STAFF ATTORNEY

PHONE NUMBER: (850) 488-0125
www.floridasupremecourt.org

November 22, 2022

Antonio Johnson #446897
Lake Correctional Institution
19225 U.S. Highway 27
Clermont, FL 34715-9025

Re: Letter received November 16, 2022

Dear Mr. Johnson:

In accordance with the directive from the Court in *Antonio Johnson vs. Katherine Fernandez Rundle, etc.*, case no. SC10-35, the enclosed letter is being returned to you herewith as it is not signed by a member of The Florida Bar.

Sincerely,

John A. Tomasino

JAT/jv
Enclosure



**MERCEDES M. PRIETO, ESQ.**
CLERK
THIRD DISTRICT COURT OF APPEAL

2001 S.W. 117 AVENUE
MIAMI, FLORIDA 33175-1716
(305) 229-3200

February 1, 2023

Mr. Antonio Johnson
#446897
Lake Correctional Institute
19225 U.S. Highway 27
Clermont, FL 34715

RE: Petition for Writ of Mandamus

Dear Mr. Johnson:

We are in receipt of your Petition for Writ of Mandamus of January 27, 2023. We are rejecting that filing as you were barred from pro se filings in this Court related to case number F97-32329 unless the filings are signed by a member in good standing of The Florida Bar, as ordered in this Court's December 7, 2011, opinion in <u>Johnson v. State</u>, Nos. 3D10-67, 3D09-2994, a copy of which is attached.

Sincerely,

*Mercedes M. Prieto*

Mercedes M. Prieto
Clerk, District Court of Appeal
Third District